# United States District Court

SOUTHERN DISTRICT OF FLORIDA

FILED BY ... 2009 JUL 28 PM 3:03

UNITED STATES OF AMERICA

v.

EMILIO ZAMORA

## CRIMINAL COMPLAINT

CASE NUMBER: 09-6293-RSR

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about March 26, 2008, at Broward County, in the Southern District of Florida, the defendant, EMILIO ZAMORA, did knowingly with intent to defraud, pass, utter, and publish a Treasury check of the United States, that is, U.S. Treasury check no. 2308 35605954 in the amount of $5,147.00 payable to an individual with the initials "L.P.," knowing that such Treasury check bore a falsely made and forged endorsement or signature, in violation of Title 18, United States Code, Section, 510(a)(2).

I further state that I am a Special Agent of the United States Secret Service and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Chris Sobczewski

CHRISTOPHER SOBCZEWSKI, SPECIAL AGENT
UNITED STATES SECRET SERVICE

Sworn to before me, and subscribed in my presence,

JULY 28, 2009 at Ft. Lauderdale, Florida
Date — City and State

ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

Robin S. Rosenbaum
Signature of Judicial Officer

# AFFIDAVIT

I, Christopher Sobczewski, being duly sworn, depose and say:

1. I am a Special Agent of the United States Secret Service (USSS), and I have been so employed since June 2006. I am presently assigned to the Miami Field Office of the USSS and my duties include among other things, the investigation of counterfeit currency, check fraud, back fraud, access device fraud, and identity theft.

2. The information in this affidavit is based on my personal knowledge and information obtained from other law enforcement personnel. The information set forth here is provided solely for the purpose of establishing probable cause in support of the criminal complaint. Because this affidavit is submitted for the limited purpose of establishing probable cause, it does not include all details of the investigation of which your Affiant is aware.

3. This investigation was initiated on or about August 20, 2008, when an individual with the initials "L.P.," filed a U.S. Treasury Financial Management Form (FMS) 1133, claim against the United States stating she did not receive her U.S. Treasury check in the amount of $5,147.00.

4. The investigation revealed that U.S. Treasury Check no. 2308 35605954 in the amount of $5,147.00 was issued on March 14, 2008, and was negotiated at Wachovia Bank on March 26, 2008.

5. On or about December 10, 2008, Your Affiant was advised by a Wachovia Bank representative that U.S. Treasury Check # 2308 35605954 was negotiated at Central Cash LLC, 17110 Royal Palm Blvd., Weston, Broward County, Florida on March 26, 2008.

6. On or about December 16, 2008, Your Affiant was advised by the operations manager of Central Cash LLC that the subject U.S. Treasury check was processed by a former employee. Your Affiant was further advised that the former employee was fired for failing to make copies of identification of persons negotiating checks, including U.S. Treasury check # 2308 35605954, which is required during all transactions.

7. On or about May 29, 2009, Your Affiant interviewed the employee who stated the following. She was approached by EMILIO ZAMORA in March 2008 with L.P.'s Treasury check. ZAMORA told her the check belonged to a female friend of his from Cuba and that he was doing her (the friend) a favor. On the day of the transaction, ZAMORA pulled out a social security card from his briefcase and wrote the social security number along with a date of birth on the check in the name of L.P. in her (the employee's) presence. ZAMORA then forged the signature of L.P. on the back of the check in front of the employee. The employee searched for the social security number and date of birth using her Accurint search engine on the computer at her office and found no record of anyone with those identifiers. The employee stated that ZAMORA paid her $500 cash for the transaction and directed her not to talk about this situation to anyone.

8. On or about June 24, 2009, your Affiant interviewed L.P., who stated the following. Approximately six months earlier, L.P. changed her residence. At her prior residence in Miami-Dade county, she and ZAMORA were neighbors who shared a common mailbox. The mailbox required no key and all three units in the complex used the same address for mailing purposes. ZAMORA's unit was in closest proximity to the mailbox. L.P. further stated that the signature on the back of U.S. Treasury check no. 2308 35605954 was not her signature and she did not provide ZAMORA with the check or any personal information to negotiate the check.

9. Based upon the foregoing, your Affiant submits that probable cause exists to believe that on or about March 26, 2008, at Broward County, in the Southern District of Florida, EMILIO ZAMORA with intent to defraud, did pass, utter, and publish a Treasury check of the United States, that is U.S. Treasury check no. 2308 35605954 in the amount of $5,147.00 payable to an individual with the initials "L.P.," knowing that such Treasury check bore a falsely made or forged endorsement or signature, in violation of Title 18, United States Code, Section 510(a)(2).

FURTHER AFFIANT SAYETH NAUGHT

CHRISTOPHER SOBCZEWSKI SPECIAL AGENT
UNITED STATES SECRET SERVICE

Sworn and subscribed before
me this 28th day of July, 2009

ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE